***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

TEKNOR APEX COMPANY :

-V- : Civil Action No.

PASSPORT CARPETS INC. : CA 07 194T

# *VERIFIED COMPLAINT*

## *PARTIES*

1. Plaintiff Teknor Apex Corp. ("Teknor") is a Delaware corporation with its principal place of business at 505 Central Avenue, Pawtucket, Rhode Island.

2. Defendant Passport Carpets Inc. ("PCI") is a Georgia corporation with its principal place of business in Calhoun, Georgia.

## *JURISDICTION*

3. The Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332, there being in controversy a sum exceeding $75,000 and the controversy is between citizens of different states.

4. In addition, pursuant to the agreements evidencing financial obligations of PCI to Teknor, PCI consented to the jurisdiction of this Court.

5. Venue is proper in this forum by agreement of the parties, and pursuant to 28 U.S.C § 1391(a)(3).

## *FACTS*

6. As of August 3, 2006, Teknor sold certain assets to PCI pursuant to an Asset Purchase Agreement.

7. A true and accurate copy of the Asset Purchase Agreement is attached hereto.

8. Section 3.2.2 of the Asset Purchase Agreement required PCI to pay Teknor royalty payments "on the last day of the month following the close of each calendar quarter," and was to be accompanied by a "certificate signed by the President of Purchaser setting forth the basis on which the royalties were calculated." *Asset Purchase Agreement,* § 3.2.2.

9. The royalty paid by PCI to Teknor was to be calculated at 4% of PCI's "Net Sales to Active Customers" (as those terms are defined therein) for a period of two years following the closing date of the Asset Purchase Agreement.

10. PCI has provided the certificate for the period of January 1 – March 31, 2007 (1st quarter, 2007).

11. Although PCI tendered post-dated checks for the royalty payment for 1st quarter, 2007, the first of such post-dated checks was returned for insufficient funds. Thus, PCI has not made the required royalty payment for 1st quarter, 2007.

12. Further, on September 15, 2006, for consideration paid, PCI made a promissory note payable to Teknor in the principal sum of Four Hundred Ninety Thousand Seven Hundred Eighty-Six Dollars ($490,786.00) (the "Note").

13. A true and accurate copy of the Note is attached to this Complaint.

14. PCI was to repay the Note in four equal installments of One Hundred Twenty-Two Thousand Six Hundred Ninety-Six Dollars and Fifty Cents ($122,696.50).

15. The four installments were to be paid on November 15 and December 15, 2006, and on January 15 and February 15, 2007.

16. PCI made only the November 15 installment payment.

17. As of the date of this Complaint, the final three payments, totaling Three Hundred Sixty Eight Thousand Eighty-Nine Dollars and Fifty Cents ($368,089.50) remain due and owing.

18. By correspondence dated February 21, 2007, Teknor declared PCI in default under the Note.

19. The Note provides that in the event of default, PCI agreed "to pay all costs and expenses (including reasonable attorneys' fees) incurred by [Teknor] in the collection of sums due hereunder, and shall pay interest, after default, at the rate of twelve (12%) percent per annum." *Note,* at 2.

## *CLAIMS*

### *Count 1 – Breach of Asset Purchase Agreement (Royalties)*

20. Teknor restates and incorporates by this reference the allegations contained in Paragraph 1 through 19 of this Complaint, inclusive, as if more fully set forth herein.

21. The Asset Purchase Agreement is a valid and existing contract between Teknor and PCI.

22. PCI has breached its obligations under the Asset Purchase Agreement with regard to the failure to pay royalties for the period January 1 – March 31, 2007 (1st quarter, 2007).

23. As a result of PCI's breach, Teknor has suffered damages.

***Count 2 – Breach of Note***

24. Teknor restates and incorporates by this reference the allegations contained in Paragraph 1 through 23 of this Complaint, inclusive, as if more fully set forth herein.

25. The Note is a valid and existing contract between Teknor and PCI.

26. PCI has breached its obligations under the Note by failing to pay the total of Three Hundred Sixty Eight Thousand Eighty-Nine Dollars and Fifty Cents ($368,089.50).

27. As a result of PCI's breach, Teknor has suffered damages.

WHEREFORE, Teknor Apex Company respectfully requests that judgment enter in its favor on its Verified Complaint, and that the Court award it the following relief:

1. compensatory damages;
2. attorneys' fees and contract interest as allowed by the Note;
3. reasonable costs and/or other expenses;
4. interest on all such sums; and
5. such other and further relief as may be appropriate in the circumstances.

TEKNOR APEX COMPANY
By its attorneys,

Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: May 25, 2007

***VERIFICATION***

I, John M. McGrath, hereby certify that I am the Vice President, Teknor Apex Consumer Products Division, an authorized representative the plaintiff in the above-entitled matter, that I have read the foregoing Verified Complaint and know the contents thereof, and that the allegations contained in the Verified Complaint are true and correct based on my knowledge, information and belief.

John M. McGrath

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed to and sworn before me this 24 day of May, 2007.

Linda A. McDermott
Notary Public
Commission Expires: 6/25/09