**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

TEKNOR APEX COMPANY
Plaintiff and
Defendant-in-Counterclaim

vs. C.A. No. 07-194-T

PASSPORT CARPETS
Defendant and
Plaintiff-in-Counterclaim

**ANSWER and COUNTERCLAIM**

Defendant, PASSPORT CARPETS, INC. ("PASSPORT"), hereby answers the allegations contained in the numbered paragraphs of the Complaint against it as follows:

**PARTIES**

1. PASSPORT admits the allegations contained in Paragraph 1 of the Complaint.

2. PASSPORT admits the allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION**

3. PASSPORT admits the allegations contained in Paragraph 3 of the Complaint.

4. Answering Paragraph 4 of the Complaint, said Agreement referred to in said Paragraph speaks for itself; otherwise, the Defendant denies the remaining allegations of Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

**FACTS**

6. Answering Paragraphs 6, 8 and 9 of the Complaint, the Asset Purchase Agreement speaks for itself; otherwise, the Defendant denies the remaining allegations of Paragraphs 6, 8 and 9.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

9. Answering Paragraph 11 of Plaintiff's Complaint, the Defendant states that it did tender a royalty payment, but denies the remaining allegations of said Paragraph.

10. Answering Paragraphs 12, 14, 15 and 19 of Plaintiff's Complaint, Defendant states that the promissory note-in-question speaks for itself; otherwise, the Defendant denies the remaining allegations of said Paragraphs.

11. Defendant admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

14. Answering Paragraph 18 of Plaintiff's Complaint, the Defendant states that said correspondence speaks for itself; otherwise, the Defendant denies the remaining allegations of said Paragraph.

**CLAIMS**

15. Answering Paragraph 20 of Plaintiff's Complaint, the Defendant hereby incorporates its answers to Paragraphs 1 through 19 of Plaintiff's Complaint inclusive, as if fully set forth herein.

16. Answering Paragraph 21 of Plaintiff's Complaint, the Defendant states that the Asset Purchase Agreement is a contract between Teknor and PASSPORT, but the enforceability and validity of same is a question for the Court to determine; otherwise, the Defendant denies the remaining allegations of said Paragraph.

17. Defendant denies the allegations contained in Paragraphs 22 and 23 of Plaintiff's Complaint.

**BREACH OF NOTE**

18. Answering Paragraph 24 of Plaintiff's Complaint, the Defendant hereby incorporates by reference its answers to Paragraphs 1 through 23 of Plaintiff's Complaint inclusive, as if fully set forth herein.

19. Answering Paragraph 25 of Plaintiff's Complaint, the Defendant executed a Note to the Plaintiff, but the validity and enforceability of said Note is a question to be determined by this Court; otherwise, the Defendant denies the remaining allegations of said Paragraph.

20. Defendant denies the allegations contained in Paragraphs 26 and 27 of Plaintiff's Complaint.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted, and therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

Plaintiff has waived any rights it may have had to bring this action, pursue it, and/or recover on it as a result of its own acts, actions, conduct and/or failures to act.

**FOURTH DEFENSE**

Plaintiff is estopped by its own acts, actions, conduct, and/or failures to act from bringing this action, pursuing it, and/or recovering on it.

**FIFTH DEFENSE**

PASSPORT asserts that there was a lack of consideration to support the promissory note and agreement to pay royalties.

**SIXTH DEFENSE**

PASSPORT asserts that there was a failure of consideration to support the promissory note and royalty payments.

**SEVENTH DEFENSE**

PASSPORT asserts that it was fraudulently induced to execute the Asset Purchase Agreement and Promissory Note. Specifically, the principals of TEKNOR APEX COMPANY misrepresented to PASSPORT material facts, including the following: financial performance of the line, expected inventory returns, landed cost values applied at time of transfer, value of certain discontinued styles, and finally, that purchased assets were adequate to support the business being purchased by the Defendant. In fact, the inventory value was grossly inflated, and the purchased assets were not sufficient to support the business being purchased.

**WHEREFORE**, PASSPORT respectfully requests that this action be dismissed or that judgment be entered in its favor and that the Court award reasonable costs, expenses and attorney's fees incurred in defending against this action, and that the Court provide such other and further relief as it deems fair and just.

## COUNTERCLAIM

## JURISDICTION

This Court has jurisdiction over the subject matter of this action pursuant to 28 USC §1332, and Rhode Island General Laws, 8-2-13, 8-2-14 and 9-30-1.

## PARTIES

1. Plaintiff-in-Counterclaim, PASSPORT CARPETS, INC. ("PASSPORT"), is a Georgia Corporation, with its principal place of business in Calhoun, Georgia.

2. Defendant-in-Counterclaim, TEKNOR APEX COMPANY ("TEKNOR"), is a Corporation organized and existing under the laws of State of Delaware, with a principal place of business at 505 Central Avenue, Pawtucket, Rhode Island.

## FACTS

3. On or about August 3, 2006, Plaintiff and Defendant entered into an Asset Purchase Agreement, a copy of which is attached hereto and marked as Exhibit "A".

4. On or about August 7, 2006, Plaintiff and Defendant entered into a Non-Complete Agreement, a copy of which is attached hereto and marked as Exhibit "B".

5. On or about September 15, 2006, PASSPORT and TEKNOR entered into a Supply Agreement, a copy of which is attached hereto and marked as Exhibit "C".

6. On or about September 15, 2006, PASSPORT executed and delivered to TEKNOR a Promissory Note in the amount of Four Hundred Ninety Thousand Seven Hundred Eighty-Six and 00/100 ($490,786.00) Dollars, a copy of which is attached hereto and marked as Exhibit "D".

7. That the principals of TEKNOR misrepresented to PASSPORT the following: (a) that they would supply PASSPORT its requirement for vinyl-backed matt and matting products for a two (2) year period until September 15, 2008; (b) that the assets purchased by PASSPORT were sufficient and adequate to continue the business formerly owned by TEKNOR; (c) that TEKNOR, for a two (2) year period, would exclusively purchase from PASSPORT its requirements for products; and (d) that they would not solicit, divert or appropriate to any competing business, any business employee of PASSPORT during the twelve (12) month period preceding the date of closing. In fact, TEKNOR, approximately three (3) months after the closing with PASSPORT, stopped all sales of its product to PASSPORT, further failed to purchase any product from PASSPORT, and finally upon information and belief, diverted key personnel of TEKNOR to Superior Manufacturing, a major competitor of PASSPORT.

**COUNT I**

**FOR DECLARATORY JUDGMENT**

8. PASSPORT realleges, reavers and incorporates herein by reference the allegations contained in Paragraphs 1 through 7 above.

9. By reason of the foregoing, there exists an actual justiciable controversy among the parties regarding the validity and enforceability of the Asset Purchase Agreement and the Promissory Note, to which PASSPORT is entitled to a declaration of its rights, duties and obligations thereunder.

**COUNT II**

**FOR DAMAGES FOR FRAUD**

10. PASSPORT realleges, reavers and incorporates herein by reference the allegations contained in Paragraphs 1 through 9 above.

11. As a result of the acts, actions, conduct and/or failure to act by TEKNOR, PASSPORT has sustained financial harm and damages, including loss of income, lost profits and adverse tax consequences.

**COUNT III**

**BREACH OF WARRANTY**

12. PASSPORT realleges, reavers and incorporates herein by reference the allegations contained in Paragraphs 1 through 11 above.

13. That under Paragraph 4.3.15 of the Asset Purchase Agreement, TEKNOR represented as follows:

> "**Sufficiency of Purchased Assets**. The Purchased Assets are adequate to conduct the Business as it is presently being conducted, and the Purchased Assets conveyed to Purchaser on the Closing Date will be adequate to enable Purchaser to continue to conduct the Business as it is presently being conducted."

14. That, in fact, said purchased assets were inadequate to conduct the Business as it presently is being conducted.

15. As a result of the acts, actions, conduct, and/or failures to act by TEKNOR, PASSPORT has sustained financial harm and damages, including loss of income, lost profits and adverse tax consequences.

## COUNT IV

## BREACH OF SUPPLY AGREEMENT

16. PASSPORT realleges, reavers and incorporates by reference the allegations contained in Paragraphs 1 through 15 above.

17. That pursuant to the terms of the September 15, 2006 Supply Agreement, TEKNOR agreed to supply PASSPORT its requirements for vinyl backed matting and matting products.

18. That on or about January 2, 2007, TEKNOR ceased all sales to PASSPORT in direct violation of said Agreement.

19. As a result of the acts, actions, conduct and/or failures to act by TEKNOR, PASSPORT has sustained financial harm and damages, including loss of income, lost profits and adverse tax consequences.

## COUNT V

## BREACH OF PURCHASE AGREEMENT

20. PASSPORT realleges, reavers and incorporates by reference the allegations contained in Paragraphs 1 through 19 above.

21. On or about September 15, 2006, TEKNOR agreed to purchase products from PASSPORT for a two (2) year period.

22. That in December of 2006, all TEKNOR'S purchases from PASSPORT terminated.

23. As a result of the acts, actions, conduct and/or failures to act by TEKNOR, PASSPORT has sustained financial harm and damages, including loss of income, lost profits and adverse tax consequences.

## COUNT VI

## BREACH OF NON-COMPETE AGREEMENT

24. PASSPORT realleges, reavers and incorporates by reference the allegations contained in Paragraphs 1 through 23 above.

25. On or about August 7, 2006, TEKNOR and PASSPORT entered into a Non-Compete Agreement, whereby TEKNOR agreed not to divert or appropriate or solicit to any competing business, any person who was a business employee of TEKNOR during the twelve (12) month period preceding the closing with PASSPORT.

26. Approximately three (3) months after the closing with PASSPORT, TEKNOR then sold its food service division to Superior Manufacturing, Inc., a major competitor of PASSPORT, and numerous key personnel of TEKNOR became employees of Superior Manufacturing, Inc.

27. As a result of the acts, actions, conduct and/or failures to act by TEKNOR, PASSPORT has sustained financial harm and damages, including loss of income, lost profits and adverse tax consequences.

**WHEREFORE**, PASSPORT respectfully prays that this Court:

1. Enter Judgment in ordering that the Promissory Note and agreement to pay royalties are null and void and unenforceable by TEKNOR against PASSPORT;

2. Enter Judgment in favor of PASSPORT against TEKNOR in such amounts as may be determined by this Court in order to compensate it for its loss of income, lost profits, and adverse tax consequences, together with interest thereon;

3. Order TEKNOR to reimburse PASSPORT for all reasonable costs, expenses and attorney's fees which it has incurred and will incur in bringing and pursuing this Counterclaim; and

4. Provide such other and further relief as this Court shall deem fair and just.

PASSPORT CARPETS, INC.
By its attorneys,

/s/ Douglas H. Smith
_______________________________

DOUGLAS H. SMITH, ESQ. #2219
140 Reservoir Avenue
Providence, RI 02907
(401) 467-3590

DW/KF/TEKNOR