EXHIBIT "C"

# SUPPLY AGREEMENT

This Supply Agreement (the "Agreement") is made and entered into as of the 15th day of September, 2006 ("Effective Date") by and between **Teknor Apex Company**, ("Purchaser") and **Passport Carpets, Inc.** ("Supplier").

**WHEREAS,** Supplier desires to sell to Purchaser the products described on Exhibit "A" attached hereto and made a part hereof ("Products") on a continuing basis, and Purchaser desires to purchase its requirements for the Products from Supplier on a continuing basis; and

**WHEREAS,** the parties desire to establish the terms and conditions of the sale and purchase of Products.

**THEREFORE,** in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

**1.** **General.** Any terms and conditions of any document generated by either party that is in anyway inconsistent with this Agreement shall be inapplicable and the terms of Agreement shall govern unless mutually agreed by the parties in writing for a specific transaction.

2. **Term**. Unless earlier terminated pursuant to the provisions of this Agreement, this Agreement shall be in force and effect for a term of two (2) years from the Effective Date.

**3. Purchaser's Requirements.**

3.1 Purchaser's Exclusive Dealing. During the Term, and subject to the terms and conditions of, this Agreement, Purchaser hereby commits to purchase exclusively from Seller its requirements for the Products. During the Term and provided Supplier is not in breach of this Agreement after any applicable cure period, Purchaser shall not purchase or otherwise acquire from any third party products identical to or substantially similar to the Products as identified in Exhibit A, product list of the supply agreement.

3.2 Supplier's Commitment to Purchaser's Requirements. During the Term, and subject to the terms of this Agreement, Supplier commits to supply Purchaser its requirements for vinyl backed mat and matting products as identified in the Exhibit A, product list of the supply agreement, so long as mats and matting products are of the quality as described in the specification list provided and the price is at or below competitive products from other suppliers. Supplier maintains a reasonable service level.

**4. Price; Terms.**

4.1 Price. At Purchaser's request, Supplier will provide a price quotation by facsimile to Purchaser. The price quoted therein shall remain valid for 60 days from the date of the quote

and Supplier agrees to fill any Purchase Order submitted during such time at the price quoted. Supplier agrees to provide a 30 day written notice of any price increase.

4.2 Terms. Unless otherwise agreed by the parties on a case by case basis, all sales for Products shall be on a net 15 days basis and delivery shall be no later than 7 business days after date of the Purchase Order.

5. **Delivery.** Supplier shall deliver Products to Purchaser at Supplier's business location in Gordon County, Georgia.

6. **Warranty.** Supplier warrants to Purchaser that the Product supplied to Purchaser under this Agreement shall be merchantable. SUPPLIER MAKES NO OTHER WARRANTY, EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSES.

7. **Force Majeure.** If the performance of any part of this Agreement shall be interfered with for any length of time by governmental restrictions, war, acts of terrorism, civil commotion, riots, strike, lock-out or acts of God or any other similar causes which are beyond the reasonable control of the party claiming a force majeure, the party claiming force majeure shall not be responsible for delay or failure of the performance of this Agreement for such length of time of the interference provided that the party claiming the force majeure gives immediate notice to the other party stating the details of such event and uses diligent efforts to attempt to remove such event and perform despite such event. If such force majeure extends for more than two (2) months, the party not claiming force majeure shall have the right to forthwith terminate this Agreement upon written notice to the other party. Upon the removal of the force majeure, the obligations of the party hereunder shall resume; provided, however, that the Stated Estimates shall be reduced proportionately to the portion of the year that force majeure existed.

8. **Termination.**

8.1 Right to Terminate. Each party shall have the right to terminate this Agreement in the event the other party to this Agreement is in breach or fails to comply with any provisions of this Agreement and does not remedy the situation thirty (30) days after written request to do so by the non-breaching party at the option of the non-breaching party.

8.2 Existing Purchase Orders. Termination of this Agreement shall not relieve the parties of the obligation to fulfill their respective obligations under any Purchase Order accepted prior to termination; subject, however, to the right of the parties to demand adequate assurance of performance from the other party as provided by law.

9. **Miscellaneous.**

9.1 Governing Law. This Agreement shall be governed and interpreted under the laws of the State of Georgia without reference to its laws concerning conflicts of law.

9.2 Construction. This Agreement was the subject of negotiation between the parties and shall not be construed against either as the drafter thereof. The failure of either party to insist upon strict compliance with any provision of this Agreement or the failure to assert any right such party may have under this Agreement shall not be deemed to be a waiver or of such provision or any right or other provision or right of this Agreement.

9.3 Entire Agreement. This Agreement and any Purchase Order issued pursuant hereto including the terms and conditions referenced herein, constitutes the complete understanding between the parties with respect to the subject matter hereof, and all prior oral and written communication and agreement with respect hereto are superseded. No alteration, amendment or modification to any terms and provisions of this Agreement shall be valid unless made pursuant to an instrument signed by both parties.

9.4 Severability. If any provision, term, condition or clause of this Agreement or application thereof shall be invalid or enforceable to any extent, the remainder of this Agreement shall not be affected thereby and this Agreement shall be construed as if such invalid or unenforceable provisions were limited so as to have the maximum effect allowable by applicable law.

9.5 All communications and notices from one party to the other shall be in writing to the following addresses:

If to Purchaser: Teknor Apex Company
505 Central Avenue
Pawtucket, RI 02861

If to Supplier: Passport Carpets, Inc.
P.O. Box 305
Calhoun, GA 30703
Attn: Jeff Chilton
Facsimile No.: 706-625-4165

All notices shall become effective when deposited in the U.S. Mail with proper postage for first class certified mail prepaid, return receipt requested, or when delivered personally, or promptly confirmed by mail as provided above, when dispatched by a facsimile.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date and year first above written.

**PURCHASER:**

TEKNOR APEX COMPANY

By: Jonathan D. Fain

Title: President

**SUPPLIER:**

PASSPORT CARPETS, INC.

By: Jeffrey S. Carlton
President

**SUPPLY AGREEMENT**

**EXHIBIT A – PRODUCT LIST**

**OLEFIN VINYL BACKED MATS (ATLANTIC OLEFIN STYLE)**
**RIB VINYL BACKED MATS (BRISTOL RIDGE STYLE)**
**BERBER VINYL BACKED MATS (BERBER STYLE)**
**CHEVRON VINYL BACKED MATS (CHEVRON STYLE)**