EXHIBIT "D"

# PROMISSORY NOTE

$490,786

Pawtucket, Rhode Island
September 15, 2006

FOR VALUE RECEIVED, PASSPORT CARPETS, INC., a Georgia corporation (the "Payor"), promises to pay to the order of TEKNOR APEX COMPANY, a Delaware corporation (the "Holder"), the sum of Four Hundred Ninety Thousand Seven Hundred Eighty-Six and no/100 ($490,786.00) Dollars as hereinafter provided.

The Payor shall make four (4) equal principal payments in the amount of One Hundred Twenty-Two Thousand Six Hundred Ninety-Six and 50/100 ($122,696.50) Dollars beginning November 15, 2006, and continuing on January 15, 2007, and February 15, 2007, and March 15, 2007.

The Payor may prepay all or any part of the principal hereof at any time and from time to time without premium or penalty.

In the event that this Note is not paid when due, the Payor agrees to pay all costs and expenses (including reasonable attorneys' fees) incurred by Holder in the collection of sums due hereunder, and shall pay interest, after default, at the rate of twelve (12%) percent per annum.

All payments shall be applied first to interest due and the balance only to principal. The Payor expressly agrees that no renewal or extension granted, whether by acceptance of interest in advance or otherwise, nor any indulgence shown to, nor any release of, nor any dealings between Holder and the Payor shall discharge, extend, or in any way affect the obligation of the Payor as principal debtor hereunder.

All references to Holder shall be deemed to apply to any holder for the time being of this Note, and the terms hereof shall be binding on the successors and assigns of the Payor.

The Payor waives presentment for payment, protest and demand, any notice of protest, demand and/or dishonor and nonpayment of this Note, and all other notices or demands otherwise required by law that the Payor may lawfully waive.

The rights and obligations of the Payor and all provisions hereof shall be governed by and construed in accordance with the laws of the State of Rhode Island, except to the extent that such laws are superseded by Federal enactments.

The Payor hereby submits to the jurisdiction of the courts of the State of Rhode Island and the United States District Court for the District of Rhode Island, as well as to the jurisdiction of all courts to which an appeal may be taken or other review sought from the aforesaid courts, for the purpose of any suit, action or other proceeding arising out of the Payor's obligations under or with respect to this Note, and expressly waives any and all obligations it may have as to venue in any of such courts. THE PAYOR WAIVES TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY THE PAYOR ON ANY MATTER WHATSOEVER (INCLUDING, WITHOUT LIMITATION, ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS NOTE, OR ANY OTHER DOCUMENTS EXECUTED IN CONNECTION HEREWITH OR ANY TRANSACTIONS CONTEMPLATED HEREIN OR THEREIN). No party to this Note, including but not limited to any assignee or successor of a party, shall seek a jury trial in any lawsuit, proceeding, counterclaim, or any other litigation procedure based upon, or arising out of, this Note, any related instruments, any collateral or the dealings or the relationship between the parties. No party will seek to consolidate any such action, in which a jury trial has been waived, with any other action in which a jury trial cannot be or has not been waived. THE PROVISIONS OF THIS PARAGRAPH HAVE BEEN FULLY DISCUSSED BY THE PARTIES HERETO, AND THESE PROVISIONS SHALL BE SUBJECT TO NO EXCEPTIONS. NO PARTY HAS

IN ANY WAY AGREED WITH OR REPRESENTED TO ANY OTHER PARTY THAT THE PROVISIONS OF THIS PARAGRAPH WILL NOT BE FULLY ENFORCED IN ALL INSTANCES.

All agreements between the Payor and the Holder are hereby expressly limited so that in no contingency or event whatsoever, whether by reason of acceleration of maturity of the indebtedness evidenced hereby or otherwise, shall the amount paid or agreed to be paid to the Holder for the use, forbearance or detention of the indebtedness evidenced hereby exceed the maximum permissible under the applicable law.

IN WITNESS WHEREOF, the Payor has executed this Note as of the day and year first above written.

PASSPORT CARPETS, INC.

By: ______________________