**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

TEKNOR APEX COMPANY
Plaintiff and
Defendant-in-Counterclaim

vs. C.A. No. 07-194-T

PASSPORT CARPETS
Defendant and
Plaintiff-in-Counterclaim

and

PASSPORT CARPETS, INC.
Third Party Plaintiff

vs.

PETER LARKIN and
JOHN DOES 1- 4
Third Party Defendants

**THIRD-PARTY COMPLAINT**

**JURISDICTION**

This Court has jurisdiction over the subject matter of this action pursuant to Rhode Island General Laws 8-2-13 and 8-2-14.

**PARTIES**

1. Third Party Plaintiff, PASSPORT CARPETS, INC. ("PASSPORT") is a Georgia Corporation, with its principal place of business in Calhoun, Georgia.

2. PETER LARKIN is an individual residing in Providence County, Rhode Island.

3. JOHN DOES 1 – 4 are individuals unknown and unascertained at this time who were previously employees of TEKNOR APEX COMPANY, but who are now employees of

PASSPORT'S competitor, Superior Manufacturing, Inc., presently doing business in the State of Rhode Island.

**FACTS**

**COUNT I**

**(Tortious Interference with Contractual Relations)**

4. That on or about August 7, 2006, TEKNOR APEX COMPANY ("TEKNOR") and PASSPORT entered into a Non-Compete Agreement, which is attached hereto and marked as Exhibit "B".

5. TEKNOR agreed for a three (3) year period ending September 15, 2009, not to:

> "Solicit, divert or appropriate to itself or to any Competing Business, or attempt to solicit, divert or appropriate to itself as a Competing Business or to any Competing Business, any Person who was a Business employee of Seller during the twelve-month period immediately preceding the date of closing of the Acquisition. (For the purposes of this Agreement such solicitation, diversion or appropriation as described in this subsection (c) by a subsidiary of Seller shall be deemed a solicitation, diversion or appropriation by Seller)."

6. That numerous key employees of TEKNOR, who were knowledgeable of PASSPORT'S purchased customer lists, costs and sales strategy, and identity and location of sales representative groups, became employed by Superior Manufacturing, Inc., a major competitor of PASSPORT. Further, PETER LARKIN, a former officer of TEKNOR, is now working for PASSPORT'S competitor, Superior Manufacturing, Inc. That all the other former employees of TEKNOR, who are now employed by Superior Manufacturing, Inc., have not yet been ascertained, but will be added to this Third-Party Complaint upon the identification of said individuals.

7. That said PETER LARKIN and former employees of TEKNOR have tortiously interfered with the contractual relationship between PASSPORT and TEKNOR.

8. As a result of the acts, actions, conduct, and/or failures to act by PETER LARKIN and the former employees of TEKNOR who are now employed by Superior Manufacturing, Inc., PASSPORT has sustained financial harm and damages, including loss of income, lost profits and adverse tax consequences.

**<u>COUNT II</u>**

**(Misappropriation of Trade Secrets)**

9. Third-Party Plaintiff, PASSPORT, realleges, reavers and incorporates by reference the allegations contained in Paragraphs 1 through 8 above.

10. That said LARKIN and other former employees of TEKNOR misappropriated certain trade secrets purchased by PASSPORT from TEKNOR, including but not limited to: customer lists, costs and sales strategy, and identity and location of sales representative groups.

11. As a result of the acts, actions, conduct, and/or failures to act by PETER LARKIN and the former employees of TEKNOR who are now employed by Superior Manufacturing, Inc., PASSPORT has sustained financial harm and damages, including loss of income, lost profits and adverse tax consequences.

**<u>COUNT III</u>**

**(Interference with Prospective Business Advantage)**

12. Third-Party Plaintiff, PASSPORT, realleges, reavers and incorporates by reference the allegations contained in Paragraphs 1 through 11 above.

13. That said LARKIN and other former employees of TEKNOR have interfered with the prospective business advantage of PASSPORT.

14. As a result of the acts, actions, conduct, and/or failures to act by PETER LARKIN and the former employees of TEKNOR who are now employed by Superior Manufacturing, Inc., PASSPORT has sustained financial harm and damages, including loss of income, lost profits and adverse tax consequences.

**WHEREFORE**, PASSPORT respectfully requests that the Court:

1. Enter Judgment against PETER LARKIN and the other JOHN DOES 1 – 4 in such amounts as may be determined by the Court in order to compensate PASSPORT for loss of income, lost profits, and adverse tax consequences, together with interest thereon;

2. Enter both preliminary and permanent injunctions restraining and enjoining PETER LARKIN and the former employees of TEKNOR from misappropriating trade secrets belonging to PASSPORT.

3. Order that PETER LARKIN and alias JOHN DOES 1 – 4, jointly and severally, reimburse PASSPORT for reasonable costs, attorney's fees and expenses, which have incurred and will incur in bringing and pursing this Third-Party Complaint; and

4. Statutory and exemplary damages, plus attorney's fees, pursuant to R.I.G.L. 6-41-3 and 6-41-4.

5. Provide such other and further relief as this Court deems fair and just.

PASSPORT CARPETS, INC.
By its attorneys,

/s/ Douglas H. Smith

DOUGLAS H. SMITH, ESQ. #2219
140 Reservoir Avenue
Providence, RI 02907
(401) 467-3590

DW/KF/TEKNOR-TPC