***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| TEKNOR APEX COMPANY | : | |
| | : | |
| -V- | : | Civil Action No. 07-194-T |
| | : | |
| PASSPORT CARPETS INC. | : | |

## *REPLY OF TEKNOR APEX COMPANY TO COUNTERCLAIM OF PASSPORT CARPETS, INC.*

The plaintiff, Teknor Apex Company ("Teknor"), hereby submits the following as its reply to the counterclaim filed by the defendant, Passport Carpets, Inc. ("Passport").

1. Admitted.

2. Admitted.

3. Teknor admits that an Asset Purchase Agreement dated as of August 3, 2006, between Teknor and Passport is attached to the Counterclaim as "Exhibit A."

4. Teknor admits that a Non-Compete Agreement dated as of August 7, 2006, between Teknor and Passport is attached to the Counterclaim as "Exhibit B."

5. Teknor admits that a Supply Agreement dated as of September 15, 2006, between Teknor and Passport is attached to the Counterclaim as "Exhibit C."

6. Admitted.

7. Teknor admits the allegations of Paragraph 7 to the extent the allegations are consistent with the documents attached to the Counterclaim as Exhibits A, B and C. Teknor denies that any representations contained in those documents, or attributed to "Teknor," are or were misrepresentations at the time they were made. Teknor denies the remaining allegations of Paragraph 7 of the Counterclaim.

***COUNT I***

8. Teknor restates and incorporates by this reference its replies to the allegations of Paragraph 1 through 7 of the Counterclaim as if more fully set forth herein.

9. Teknor denies that there is an actual justiciable controversy as to the validity and enforceability of the documents attached to the Counterclaim. Teknor's Verified Complaint seeks damages caused by Passport as a result of its breaching these valid and enforceable agreements.

***COUNT II***

10. Teknor restates and incorporates by this reference its replies to the allegations of Paragraph 1 through 9 of the Counterclaim as if more fully set forth herein.

11. Denied.

***COUNT III***

12. Teknor restates and incorporates by this reference its replies to the allegations of Paragraph 1 through 11 of the Counterclaim as if more fully set forth herein.

13. Teknor admits that the Counterclaim accurately recites the language of the Asset Purchase Agreement.

14. Denied.

15. Denied.

***COUNT IV***

16. Teknor restates and incorporates by this reference its replies to the allegations of Paragraph 1 through 15 of the Counterclaim as if more fully set forth herein.

17. Denied. No written agreement attached to the Counterclaim obligated Teknor to sell materials to Passport.

18. Denied.

19. Denied.

## *COUNT V*

20. Teknor restates and incorporates by this reference its replies to the allegations of Paragraph 1 through 19 of the Counterclaim as if more fully set forth herein.

21. Teknor admits that the Supply Agreement required Teknor to purchase its requirements of the materials identified in its Exhibit A from Passport. Teknor denies that the Supply Agreement required Teknor to purchase a minimum amount of the materials, and denies the remaining allegations of Paragraph 21 of the Counterclaim.

22. Teknor admits that on or after January 2, 2007, it no longer had any need to purchase from anyone, including Passport, any of the materials identified on Exhibit A to the Supply Agreement.

23. Denied.

## *COUNT VI*

24. Teknor restates and incorporates by this reference its replies to the allegations of Paragraph 1 through 23 of the Counterclaim as if more fully set forth herein.

25. Teknor admits that the Counterclaim accurately sets forth a portion of the Non-Compete Agreement dated as of August 7, 2006, between Teknor and Passport.

26. Teknor admits selling its food service division to Superior Manufacturing, Inc. ("Superior"), on or about January 2, 2007, and that certain employees of Teknor voluntarily separated from Teknor and became employed by Superior. Teknor denies the remaining allegations of Paragraph 26 of the Counterclaim.

27. Denied.

## *AFFIRMATIVE DEFENSES*

1. The claims of the Counterclaim, including but not specifically limited to Count IV, fail to state a claim upon which relief may be granted.

2. There is no actual justiciable controversy to justify the entry of a declaratory judgment in this case. Rather, the Court is faced with a question of breaches by Passport and (alleged) breaches by Teknor.

3. The Counterclaim fails to state a claim for attorneys' fees upon which relief may be granted.

4. The Counterclaim is barred by the doctrine of waiver.

5. The Counterclaim is barred by the doctrine of estoppel.

6. The Counterclaim is barred by Passport's material breaches of the identical agreements.

7. Any relief awarded to Passport is subject to setoff as a result of Passport's breaches of contract.

WHEREFORE, Teknor requests that the Court enter judgment in favor of Teknor on Passport's Counterclaim, and/or deny and dismiss it as circumstances warrant.

TEKNOR APEX COMPANY
By its attorneys,

/s/ Douglas J. Emanuel

Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: August 15, 2007

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 15, 2007.

/s/ Douglas J. Emanuel