***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| TEKNOR APEX COMPANY | : | |
| | : | |
| -V- | : | |
| | : | |
| PASSPORT CARPETS INC. | : | Civil Action No. 07-194-T |
| | : | |
| -V- | : | |
| | : | |
| PETER LARKIN, et al. | : | |

## ***ANSWER TO THIRD-PARTY COMPLAINT[1]***

The third-party defendant, Peter Larkin ("Larkin"), hereby submits the following as his Answer to the Third-Party Complaint filed by the defendant, Passport Carpets, Inc. ("Passport").

1. Larkin is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Third-Party Complaint.

2. Admitted.

3. The allegations of Paragraph 3 of the Third-Party Complaint are vague as to the identity of the individuals. As such, Larkin is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Third-Party Complaint.

### ***COUNT I***

4. Larkin admits that the document attached to the Third-Party Complaint as "Exhibit B" purports to be a Non-Compete Agreement between Passport and Teknor Apex Company, dated

[1] The document served upon third-party defendant Peter Larkin was entitled "Answer, Counterclaim and Third-Party Complaint." However, according to the Court's records, defendant Passport Carpets, Inc., filed with the Court two separate documents, one entitled "Answer and Counterclaim," *Document 7-1,* and another entitled "Third Party Complaint." *Document 8-1*. Moreover, the "Answer, Counterclaim and Third Party Complaint" served on Mr: Larkin was missing the page that recited the various claims against Mr. Larkin. Therefore, to the extent there are any differences between the allegations in the "Answer, Counterclaim and Third Party Complaint" and the Third Party Complaint on file with the Court, this answer addresses the Third Party Complaint on file with the Court.

as of August 7, 2006. Larkin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Third-Party Complaint.

5. Larkin admits that the language quoted in Paragraph 5 of the Third-Party Complaint appears in Paragraph 3 of the document attached to the Third-Party Complaint as "Exhibit B."

6. Larkin admits that he became employed by Superior Manufacturing, Inc. ("Superior"). Larkin denies having ever been an officer of Teknor. To the extent that Superior competes with Passport, Larkin denies participating in that competition. Larkin denies the remaining allegations of Paragraph 6 of the Third-Party Complaint.

7. Denied.

8. Denied.

***COUNT II***

9. Larkin reavers and incorporates by this reference his responses to the allegations of Paragraphs 1 through 8 of the Third-Party Complaint as if more fully set forth herein.

10. Denied.

11. Denied.

***COUNT III***

12. Larkin reavers and incorporates by this reference his responses to the allegations of Paragraphs 1 through 11 of the Third-Party Complaint as if more fully set forth herein.

13. Denied.

14. Denied.

## *AFFIRMATIVE DEFENSES*

1. The Third-Party Complaint fails to state a claim as to Larkin upon which relief may be granted.

2. The Third-Party Complaint fails to state a claim as to attorneys' fees upon which relief may be granted.

3. The Third-Party Complaint fails to state a claim as to injunctive relief upon which relief may be granted.

4. Relief under the Third-Party Complaint is barred by the doctrine of laches.

5. Relief under the Third-Party Complaint is barred by the doctrine of estoppel.

6. Relief under the Third-Party Complaint is barred by the doctrine of waiver.

7. Larkin owed no duty to Passport; thus, no relief in tort may be obtained.

WHEREFORE, Larkin respectfully requests that this Court deny and dismiss the Third-Party Complaint, or, in the alternative, enter judgment in Larkin's favor and against Passport. Larkin further requests that this Court award him his attorneys' fees and costs for the defense of this action, whether pursuant to R.I. GEN. LAWS § 9-1-45, or other authority.

PETER LARKIN
By his attorneys,

/s/ Douglas J. Emanuel

Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: August 30, 2007

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 30, 2007.

/s/ Douglas J. Emanuel