*UNITED STATES DISTRICT COURT*
*DISTRICT OF RHODE ISLAND*

| | | |
|---|---|---|
| TEKNOR APEX COMPANY | : | |
| | : | |
| -V- | : | |
| | : | |
| PASSPORT CARPETS INC. | : | Civil Action No. 07-194-T |
| | : | |
| -V- | : | |
| | : | |
| PETER LARKIN, et al. | : | |

## *AFFIDAVIT OF PETER LARKIN IN SUPPORT OF THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

I, Peter Larkin, being duly sworn, hereby depose and state as follows:

1. I am over the age of eighteen years.

2. I make this affidavit in good faith and on my personal knowledge of the facts set forth herein.

3. From February, 1984 through December 31, 2006, I was an employee of Teknor Apex Company ("Teknor"). From 1993 to the date of my separation from Teknor, I was employed as National Sales Manager in the Commercial Products division.

4. Teknor had two segments of the rubber matting business market. One was in janitorial and sanitation uses ("Jan/San"). The other was in food service uses ("Food Service").

5. In August, 2006, Passport Carpets, Inc. ("Passport") purchased Teknor's Jan/San segment.

6. Superior Manufacturing, Inc. ("Superior") purchased Teknor's Food Service segment in or around January, 2007.

7. While the sale of the Food Service market segment to Superior was pending, I knew that when it was complete, there would be no employment opportunity for me remaining at Teknor.

8. Thus, during the pendency of the sale, I sought employment with Superior so that I could continue in the Food Service end of the rubber matting industry.

9. Before my employment with Superior, Superior had established its own participation in the Jan/San market, and, in fact, enjoyed a dominant position in that field.

10. My employment with Superior has been dedicated exclusively to the Food Service segment of Teknor's former rubber matting business.

11. To the extent that I retained knowledge of any of Teknor's customer lists, costs and sales strategy, and identity and location of sales representative groups (other than what is publicly available or known in the industry), I have not shared, nor had occasion to share, any of that information with anyone at Superior.

12. To the extent that I still retain knowledge of any of Teknor's customer lists, costs and sales strategy, and identity and location of sales representative groups (other than what is publicly available or known in the industry), I have no intention to share, nor intend to have any occasion to share, any of that information with anyone at Superior.

13. I have not participated in any business discussions about the Jan/San segment of the matting business since my employment by Superior, and have no knowledge of what companies, if any, are currently are doing business with Passport in the Jan/San segment of the industry other than what is publicly available or known in the industry.

***[REMAINED OF PAGE INTENTIONALLY LEFT BLANK]***

14. I have not participated in any business discussions about the Jan/San segment of the matting business since my employment by Superior, and have no knowledge of what companies, if any, may be doing business with Passport in the Jan/San segment of the industry in the future, other than what is publicly available or known in the industry.

PETER LARKIN

STATE OF RHODE ISLAND
PROVIDENCE COUNTY

Subscribed and sworn to before me this 30th day of August, 2007.

NOTARY PUBLIC
My Commission Expires: 5/22/09