***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| TEKNOR APEX COMPANY | : | |
| | : | |
| -V- | : | |
| | : | |
| PASSPORT CARPETS INC. | : | Civil Action No. 07-194-T |
| | : | |
| -V- | : | |
| | : | |
| PETER LARKIN, et al. | : | |

***AFFIDAVIT OF VINCE DePHILLIPS IN SUPPORT OF THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT***

I, Vince DePhillips, being duly sworn, hereby depose and state as follows:

1. I am over the age of eighteen years.

2. I make this affidavit in good faith and on my personal knowledge of the facts set forth herein.

3. At all times relevant hereto, I have been the President of Superior Manufacturing, Inc. ("Superior").

4. In or around January, 2007, Superior purchased from Teknor Apex Company ("Teknor") a market segment of Teknor's rubber matting business. Specifically, Superior purchased from Teknor Teknor's business of rubber matting used for food service uses ("Food Service").

5. At the time of Superior's purchase of Teknor's Food Service business, Superior already enjoyed a dominant position in the market of rubber matting used for janitorial and sanitation uses ("Jan/San"). Thus, Superior had no need to purchase any of the Jan/San business from Teknor, to the extent that Teknor had not sold it already.

6. Superior ultimately employed Peter Larkin ("Larkin") to work for Superior in the Food Service business. Larkin had previously worked for Teknor in the Food Service industry and was a logical person to employ to continue the work he had been doing for Teknor.

7. Superior would have acquired the Food Service business from Teknor with or without Larkin's employment by Superior.

8. In the time that Larkin has worked for Superior, he has not participated in any aspect of the Superior's Jan/San business. Superior enjoyed success in Jan/San prior to Larkin's arrival, and will continue to enjoy that success without Larkin's participation.

9. Superior does not care whether Larkin has any knowledge of the "purchased customer lists, costs and sales strategy and location of sales representative groups," Passport is believed to have purchased from Teknor related to the Jan/San industry, and Superior does not care if he does. Larkin is not employed or engaged in any way to participate in or in any way further Superior's Jan/San business.

10. To the extent that Larkin retained knowledge of any of Teknor's customer lists, costs and sales strategy, and identity and location of sales representative groups (other than what is publicly available or known in the industry), Larkin has not shared, nor has had occasion to share, any of that information with anyone at Superior.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

11. To the extent that Larkin still retains knowledge of any of Teknor's customer lists, costs and sales strategy, and identity and location of sales representative groups, Superior has no intention of asking him to share, nor intends to have any occasion to ask him to share, any of that information with anyone at Superior.

VINCE DePHILLIPS

STATE OF Illinois
Will COUNTY

Subscribed and sworn to before me this 30 day of August 30, 2007.

NOTARY PUBLIC
My Commission Expires:

OFFICIAL SEAL
EUGENE R POLLASTRINI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES