***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| TEKNOR APEX COMPANY | : | |
| | : | |
| -V- | : | |
| | : | |
| PASSPORT CARPETS INC. | : | Civil Action No. 07-194-T |
| | : | |
| -V- | : | |
| | : | |
| PETER LARKIN, et al. | : | |

***THIRD-PARTY DEFENDANT'S***
***STATEMENT OF UNDISPUTED FACTS***
***IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT***

The third-party defendant, Peter Larkin ("Larkin"), submits the following as his Statement of Undisputed Facts in support of his Motion for Summary Judgment.

1. Larkin worked for Teknor. *Affidavit of Peter Larkin dated August 30, 2007 ("Larkin Aff."),* ¶ 3.

2. Teknor had two segments of the rubber matting business market. One was in janitorial and sanitation uses ("Jan/San"). The other was in food service uses ("Food Service"). *Larkin Aff.,* ¶ 4.

3. In August, 2006, Passport purchased the Jan/San segment. *Larkin Aff.,* ¶ 5; *Counterclaim,* ¶ 3.

4. Superior Manufacturing, Inc. ("Superior") purchased Teknor's Food Service segment in or around January, 2007. *Affidavit of Vince DePhillips dated August 30, 2007 ("DePhillips Aff."),* ¶¶ 4.

5. While the sale of the Food Service market segment to Superior was pending, Larkin knew that when it was complete, there would be no employment opportunity for Larkin remaining at Teknor. *Larkin Aff.,* ¶ 7.

6. Thus, during the pendency of the sale, Larkin sought employment with Superior so that Larkin could continue in the Food Service end of the rubber matting industry. *Larkin Aff.,* ¶ 8.

7. Long before Larkin's employment with Superior, Superior had established its own participation in the Jan/San market, and, in fact, enjoyed a dominant position in that field. *Larkin Aff.,* ¶ 9; *DePhillips Aff.,* ¶ 5.

8. Larkin's employment with Superior has been dedicated exclusively to the Food Service segment of Teknor's former rubber matting business. *Larkin Aff.,* ¶ 10; *DePhillips Aff.,* ¶¶ 6, 8.

*9.* To the extent that Larkin retained knowledge of any of Teknor's customer lists, costs and sales strategy, and identity and location of sales representative groups, Larkin has not shared, nor had occasion to share, any of that information with anyone at Superior (other than what is publicly available or known in the industry). *Larkin Aff.,* ¶ 11.

10. To the extent that Larkin still retains knowledge of any of Teknor's customer lists, costs and sales strategy, and identity and location of sales representative groups, Larkin has no intention to share, nor intends to have any occasion to share, any of that information with anyone at Superior (other than what is publicly available or known in the industry). *Larkin Aff.,* ¶ 12.

11. Larkin has not participated in any business discussions of the Jan/San segment of the rubber matting business since his employment by Superior, and has no knowledge of what companies, if any, are currently are doing business with Passport in the Jan/San segment of the industry. *Larkin Aff.,* ¶ 13.

12. Larkin has not participated in any business discussions of the Jan/San segment of the rubber matting business since his employment by Superior, and has no knowledge of what companies, if any, may be doing business with Passport in the Jan/San segment of the industry in the future. *Larkin Aff.*, ¶ 14.

PETER LARKIN
By his attorneys,

/s/ Douglas J. Emanuel

Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: August 30, 2007

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 30, 2007.

/s/ Douglas J. Emanuel