**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

TEKNOR APEX COMPANY

vs.

PASSPORT CARPETS, INC.

vs.

PETER LARKIN, ET AL

C.A. NO. 07-194-T

**DEFENDANT/THIRD-PARTY PLAINTIFF'S MOTION FOR CONTINUANCE OF THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and MEMORANDUM IN SUPPORT OF SAME**

Now comes the Defendant/Third-Party Plaintiff, Passport Carpets, Inc. (hereinafter referred to as "Passport"), and moves this Honorable Court to enlarge the time for Passport to file its objection, answer and to oppose the Third-Party Defendant's, Peter Larkin's (hereinafter referred to as "Larkin") Motion for Summary Judgment until October 31,2007.

As a basis for this Motion, Passport states as follows:

1. Rule 56(f) expressly allows this Court to [r ]efuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just". Federal Rule of Civil Procedure 56(f). (emphasis added)

2. The First Circuit has recently set forth the requirements of a Federal Rule of Civil Procedure 56(f) motion as follows:

> While we do not require slavish adherence to Rule 56(f)'s formal requirements, when additional discovery is sought, such a motion must (1) be presented in a timely manner; (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will "influence the outcome of the pending motion for summary judgment". See Velez v. Awning Windows. Inc., 375 F.3d 35, 39-40 (1st Cir. 2004) (functionally equivalent statement may substitute for the affidavit required by Rule 56(f)). Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122 (Fed. 1 st Cir. 2006).

3. Passport would assert that its Motion to Continue is made in good faith for the purposes of conducting discovery and is otherwise in compliance with the before-mentioned Court guidelines, including the following:

First, Passport purchased the Plaintiffs, Teknor Apex Company's (hereinafter referred to as "Teknor") rubber matting business for a sum in excess of Four Hundred Ninety Thousand and 001100 ($490,000.00) Dollars, which included a three (3) year Non-Compete Agreement and a two (2) year Supply Agreement. However, approximately three (3) months after closing, Teknor, without justification, stopped supplying product to Passport, and further, sold its remaining matting business to Superior Manufacturing, Inc. (hereinafter referred to as "Superior") (a major competitor of Passport), and numerous key personnel of Teknor started working for Superior, including Third-Party Defendant Larkin.

Second, on August 28,2007, Third-Party Defendant Larkin was served with the Third-Party Complaint alleging (a) tortuous interference with contractual relations, (b) misappropriation of trade secrets, and (c) interference with prospective business advantage, which also asked for injunctive relief. Next, on August 30, 2007, Teknor's counsel of record filed the present Motion for Summary Judgment, supported by the Third-Party Defendant's personal affidavit, along with an affidavit on behalf of his present employer, Superior. However,

approximately one (1) week prior to the filing of the present Motion for Summary Judgment, Plaintiff's counsel and Defendant's counsel spoke concerning discovery in this case, and Defendant's counsel recommended that all depositions should be coordinated to avoid duplication, once the Third-Party Defendant filed an answer in this case.

Third, both the affidavits filed by the Third-Party Defendant in support of his Motion for Summary Judgment, assert in a self-serving fashion, that there was "no disclosure" from the former Teknor employee to Superior, and accordingly, the Third-Party Complaint should be dismissed on this basis.

Fourth, Passport would argue that it should have a reasonable opportunity to cross-examine by deposition the two (2) affiants on the subject matter of their affidavits, which is essentially the sole basis of Larkin’s Motion for Summary Judgment. Also, Passport would ask for the reasonable opportunity to discover documents that may relate to the subject matter of said affidavits, including: Larkin's Employment Agreement with Superior, an in camera inspection of any alleged confidential customer lists of Larkin at Superior, and any books or materials of Teknor in the care, custody and control of Larkin (including computer records).

Fifth, Passport would assert that it is more than by coincidence that its sales representative groups are now being contacted by representatives of Superior.

Sixth, this Motion is both timely and presents no significant prejudice to any of the parties involved herein by the brief continuance requested.

WHEREFORE, Passport respectfully prays that its Motion for Continuance until October 31, 2007 be granted or for such other and further relief as this Honorable Court shall

deem meet and just.

PASSPORT CARPETS, INC.

By its Attorney,

/s/ Douglas H. Smith
DOUGLAS H. SMITH, ESQ. #2219
140 Reservoir Avenue
Providence, RI 02907
(401) 467-3590
Email: lodhs5113@cox.net

**CERTIFICATION**

I hereby certify that on the 13th day of September, 2007, this document filed through the EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

/s/ Douglas H. Smith

OW/PASSPORT