***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

TEKNOR APEX COMPANY

v.

PASSPORT CARPETS, INC. Civil Action No. 07-194-T

v.

PETER LARKIN, et al.

***THIRD-PARTY DEFENDANT PETER LARKIN'S OBJECTION TO RULE 56(f) MOTION FILED BY PASSPORT CARPETS, INC.***

The third-party defendant, Peter Larkin ("Larkin"), hereby objects to the Motion for Continuance filed by the defendant, Passport Carpets, Inc.

In support of this objection, and in conformity with this Court's Local Rules, Larkin relies on the memorandum submitted contemporaneously herewith.

PETER LARKIN
By his attorneys,

/s/ Douglas J. Emanuel
___________________________________

Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: September 14, 2007

***CERTIFICATION***

I hereby certify that on the 14th day of September, 2007, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Douglas J. Emanuel________________

***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

TEKNOR APEX COMPANY

v.

PASSPORT CARPETS, INC. Civil Action No. 07-194-T

v.

PETER LARKIN, et al.

***MEMORANDUM IN SUPPORT OF***
***THIRD-PARTY DEFENDANT PETER LARKIN'S OBJECTION TO***
***RULE 56(f) MOTION FILED BY PASSPORT CARPETS, INC.***

Passport Carpets, Inc. ("Passport") defaulted on its significant financial obligations to the plaintiff, Teknor Apex Company ("Teknor"). In fact, Passport's continuous ignorance of its obligations forced Teknor to file the Complaint in this matter. In a desperate effort to distract Teknor, and perhaps this Court, from Passport's obligation to pay Teknor the more than $430,000 it now owes, Passport filed a third-party complaint against Peter Larkin ("Larkin"), which third-party complaint alleges that Larkin has committed business torts against Passport.

Larkin answered the third-party complaint, and on August 30, 2007, moved this Court for an order granting him summary judgment on the straightforward grounds of "I have not done the actions alleged." During the three-week period in which it had to prepare its response to the Motion for Summary Judgment, Passport neither noticed nor convened any depositions, requested any documents, or, in fact, did *anything*.

In support of its eleventh-hour request for more time, Passport criticizes the affidavits submitted by Larkin in support of his Motion for Summary Judgment as "self-serving." "Self-serving" should not, however, be confused with "incomplete" or "inaccurate." One would think

that all affidavits submitted in connection with a Motion for Summary Judgment assist in the presentation of the motion to which they are related.

However, the fact that the affidavits assist in the presentation of the motion does not diminish the evidentiary nature of the affidavits, nor the hurdles presented to Passport to overcome them in order to defeat Larkin's Motion for Summary Judgment. Simply stated, the affidavits contain the truth. The burden is now on Passport to present evidence to the contrary, not to follow up on what is set forth therein.[1]

Passport filed a third-party complaint against Larkin, and unnecessarily brought him into Teknor's debt-collection effort. The filing of a (third-party) complaint represents a certification that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11. Passport does not identify a single allegation in its third-party complaint as being likely to have evidentiary support only after discovery. Instead, Passport asserts each allegation as a conclusion of law. *Third-Party Complaint,* ¶ 7 ("Peter Larkin … [has] tortiously interfered with the contractual relationship between Passport and Teknor"); *Third-Party Complaint,* ¶ 10 ("Larkin …misappropriated certain trade secrets); *Third-Party Complaint,* ¶ 13 ("Larkin … [has] interfered with the prospective business advantage of Passport."). Passport's third-party complaint is actually bereft of *any* substantive factual allegations whatsoever.

Now when challenged to produce a genuine issue of material fact under oath, Passport comes to this Court and essentially says that in three weeks, it could not raise one – one – on its

[1] Passport identifies Larkin's Employment Agreement as something it would like to inspect prior to responding, yet fails to suggest what relevance it has to Larkin's Motion for Summary Judgment. Passport also wants the Court to inspect any "alleged confidential customer lists of Larkin at Superior," and "any books or materials of Teknor in the care, custody and control of Larkin (including computer records." Larkin has no such documents.

own, without deposing Larkin and/or representatives of Larkin's current employer. Further, it says that it needs *six weeks* to do so.

Certainly, Larkin does not question the Court's authority to afford Passport additional time to respond to his Motion for Summary Judgment – Rule 56(f) is abundantly clear. However, Passport's inactivity since the filing of the motion, and the unpersuasive grounds for the request as set forth in Passport's memorandum in support of its motion, do not justify the exercise of the Court's discretion in these circumstances.

Passport sets forth a four-part test for the Court's evaluation of its Rule 56(f) Motion. Passport suggests that the motion (a) must be timely; (b) must show "good cause for the failure to discover the necessary facts sooner"; must (c) set forth a "plausible basis for believing the necessary facts probably exist and can be found in a reasonable time"; and (d) must establish that the sought facts would influence the outcome of Larkin's Motion for Summary Judgment. *Passport's Combined Motion and Memorandum*, at 2.[2]

Passport then demonstrates *only* that its motion was timely.

It certainly does not demonstrate what "necessary" facts it expects to discover, or *any* basis for believing that such unidentified facts exist. It suggests only Passport's desperate need to go on a fishing expedition to find out something – anything – that can help it avoid the entry of summary judgment against it.

Nor does it demonstrate how the "facts" it seeks would affect the pending Motion for Summary Judgment.

---

[2] Passport continues to make reference to Teknor's failure to supply Passport with product after Teknor sold its business to Superior. There is no contract, obligation or other document that required Teknor to supply Passport with anything. The Supply Agreement attached to the pleadings indeed required Teknor to purchase its requirements from Passport, without any reference to any minimum amount to be purchased. When Teknor sold its business to Superior, Teknor's requirements ceased.

Passport's request should be denied.

PETER LARKIN
By his attorneys,

/s/ Douglas J. Emanuel

Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: September 14, 2007

***CERTIFICATION***

I hereby certify that on the 14th day of September, 2007, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Douglas J. Emanuel