**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

TEKNOR APEX COMPANY
Plaintiff and
Defendant-in-Counterclaim

vs. C.A. No. 07-194-T

PASSPORT CARPETS
Defendant and
Plaintiff-in-Counterclaim

and

PASSPORT CARPETS, INC.
Third Party Plaintiff

vs.

PETER LARKIN and
JOHN DOES 1- 4
Third Party Defendants

**PASSPORT CARPETS, INC. RESPONSE TO PETER LARKIN'S OBJECTION TO RULE 56(f) MOTION**

Presently before this Court is the Third-Party Defendant's Objection to Defendant/Third-Party Plaintiff's, PASSPORT CARPETS, INC. (hereinafter referred to as "PASSPORT"), Motion for Continuance under Rule 56(f).

In his Memorandum, Third-Party Defendant, PETER LARKIN (hereinafter referred to as "LARKIN") asserts the following:

1. That PASSPORT allegedly waited three weeks before filing its Motion for Continuance and did nothing to pursue Discovery.

2. That Passport does not have any evidentiary support for allegations of disclosure of confidential information belonging to PASSPORT.

PASSPORT'S response is as follows:

1. First there was only a two-week gap between TEKNOR/LARKIN'S counsel's Motion for Summary Judgment and PASSPORT'S Motion for Continuance under Rule 56 (f), namely August 30, 2007 – September 14, 2007 (not three weeks as suggested in TEKNOR'S Memorandum). Further, TEKNOR/LARKIN'S counsel contributed to the alleged great delay in Discovery in this case. Approximately, one week before TEKNOR'S counsel filed the Motion for Summary Judgment on behalf of LARKIN, PASSPORT's counsel proposed to Attorney Emanuel the possibility of setting-up a deposition schedule of the numerous parties involved in this case, including PETER LARKIN, who had not yet answered the case. If TEKNOR's counsel had disclosed at that time that he was also representing the Third-Party Defendant, LARKIN, these depositions could have been scheduled one week before the two-week period that TEKNOR's counsel now claims is so onerous to his second client, LARKIN.

2. TEKNOR's counsel somehow suggests, in a case involving an alleged disclosure of confidential information, that it should be an easy task to present direct evidences of this disclosure. TEKNOR's counsel turns a blind eye to the realities of the situation, where secret disclosure of confidential customer list, cost and sales strategy, and identity and location of sales representative groups, cannot be readily observed by third-parties or corroborated by incriminating photographs. The proof of such disclosure of this privileged information often comes through discovery by indirect evidence, including books and records of the new employee and the new employer, and possible corroborative testimony by third-party sales data. It is more than a little bit presumptuous to suggest that the Court and opposing counsel should accept the

proffered, self-serving statements of the employee and new employer that "we did not do it", without affording opposing counsel the opportunity to cross-examine said individuals.

3. Finally, it has long been the law in this jurisdiction that Summary Judgment is a drastic remedy that should be reserved for cases where there are clearly no issues of fact. PASSPORT would argue, in cases such as this where the information concerning the confidential disclosure by the new employee to his new employer is under the exclusive control of these same two parties, the owner of the confidential information should be granted a reasonable time to discover these areas.

Accordingly, PASSPORT would respectfully ask that this Court allow the Third-Party-Plaintiff until October 31, 2007 to defend or otherwise respond to Third-Party-Defendant's Motion for Summary Judgment in the above case.

PASSPORT CARPETS, INC.
By its Attorney,

/s/ Douglas H. Smith_____________

DOUGLAS H. SMITH, ESQ. 2219
140 Reservoir Avenue
Providence, RI 02907
(401) 467-3590
Email: lodhs5113@cox.net

## CERTIFICATION

I hereby certify that on the day of September, 2007, this document filed through EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will b sent to those indicated as non registered participants.

/s/Douglas H. Smith_____________

MW/KF/TEKNOR-TPC1