*EXHIBIT A*

*UNITED STATES DISTRICT COURT*
*DISTRICT OF RHODE ISLAND*

| | | |
|---|---|---|
| TEKNOR APEX COMPANY | : | |
| | : | |
| -V- | : | |
| | : | |
| PASSPORT CARPETS INC. | : | Civil Action No. 07-194-T |
| | : | |
| -V- | : | |
| | : | |
| PETER LARKIN, et al. | : | |

## *TEKNOR APEX COMPANY'S FIRST SET OF INTERROGATORIES DIRECTED TO PASSPORT CARPETS, INC.*

The plaintiff, Teknor Apex Company ("Teknor"), hereby submits the following interrogatories to be answered by the defendant, Passport Carpets, Inc. ("Passport"), according to the Federal Rules of Civil Procedure.

### *INTERROGATORY NO. 1*

Identify all witnesses you expect to call at trial of this case, and as to each, set forth the subject matter of each witness's anticipated testimony.

### *INTERROGATORY NO. 2*

To the extent that Passport denies the allegations of Paragraph 11 of the Complaint in this case, identify the portions that are denied, and the facts, bases and/or reasons for each such denial.

### *INTERROGATORY NO. 3*

State the basis for Passport's denial of the allegations of Paragraph 16 of the Complaint in this case, and all facts in support of such denial.

### *INTERROGATORY NO. 4*

State the basis for Passport's denial of the allegations of Paragraph 22 of the Complaint in this case, and all facts in support of such denial.

***INTERROGATORY NO. 5***

State the basis for Passport's allegation, as set forth in Paragraph 19 of Passport's Answer to the Complaint, that the "validity" or the "enforceability" of the Promissory Note made by Passport to Teknor is in question.

***INTERROGATORY NO. 6***

State the basis for Passport's denial of the allegations of Paragraph 26 of the Complaint in this case, and all facts in support of such denial.

***INTERROGATORY NO. 7***

State the basis for Passport's assertion of the affirmative defense of "failure to state a claim upon which relief may be granted," including how the claims set forth are deficiently stated, and all facts in support of such defense.

***INTERROGATORY NO. 8***

State the basis for Passport's assertion of the affirmative defense of waiver, as set forth in the Third (Affirmative) Defense in Passport's Answer to the Complaint, and all facts in support of such defense.

***INTERROGATORY NO. 9***

State the basis for Passport's assertion of the affirmative defense of estoppel, as set forth in the Fourth (Affirmative) Defense in Passport's Answer to the Complaint, and all facts in support of such defense.

***INTERROGATORY NO. 10***

State the basis for Passport's assertion of the affirmative defense of lack of consideration, as set forth in the Fifth (Affirmative) Defense in Passport's Answer to the Complaint, and all facts in support of such defense.

### *INTERROGATORY NO. 11*

State the basis for Passport's assertion of the affirmative defense of failure of consideration, as set forth in the Sixth (Affirmative) Defense in Passport's Answer to the Complaint, and all facts in support of such defense.

### *INTERROGATORY NO. 12*

State the basis for Passport's allegations of Paragraph 7 of the Counterclaim and its Fifth (Affirmative) Defense, and all facts in support of such defense, including but not limited to:

- the specific representations Passport alleges were fraudulently made;
- the information Passport relies upon in determining the representations were false when made;
- the maker of the representations;
- the place or location where the representations were made; and
- Passport's reliance on the specific representations.

### *INTERROGATORY NO. 13*

State with specificity how the "purchased assets were inadequate to conduct the Business as it presently is being conducted," as alleged in Paragraph 14 of the Counterclaim.

### *INTERROGATORY NO. 14*

Identify with specificity the portion(s) of the September 15, 2006, Supply Agreement (a) wherein Teknor "agreed to supply Passport its requirements for vinyl backed matting and matting products," as alleged in Paragraph 17 of the Counterclaim; (b) wherein Teknor agreed to a minimum amount of purchases in any specific period of time; and (c) Teknor is alleged to have breached, and all facts in support of such allegations.

***INTERROGATORY NO. 15***

Identify with specificity the breaches of the Non-Compete Agreement Teknor is alleged to have committed, including but not limited to, how Teknor is alleged to have "divert[ed] or appropriate[d] or solicit[ed]" any employee of Teknor to a competing business, and all facts in support of such allegations.

***INTERROGATORY NO. 16***

Identify all damages suffered by Passport in connection with the allegations contained in the Counterclaim.

TEKNOR APEX COMPANY
By its attorneys,

Douglas J. Emanuel, Esq. (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Phone: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: August 29, 2007

***CERTIFICATE OF SERVICE***

I hereby certify that I forwarded a copy of the within set of interrogatories to Douglas H. Smith, Esq., 140 Reservoir Avenue, Providence, RI 02907, on the 29th day of August, 2007.